By the Court,-Fbeebman, J.
This is an appeal from an order denying defendant’s motion to vacate an order granted ex parte for the examination of defendant’s officers and books before service of the complaint.
The motion was made, (l)upon the alleged indefiniteness and insufficiency of plaintiff’s affidavit, and (2) upon affidavits and exhibits showing cause against the order. The power of the court to vacate the order for either of the reasons stated, cannot be questioned. Levy v. Loeb, 44 N. Y. Superior Ct. (12 J & Sp.) 291 ; affirmed 75 N. Y. 609. The plaintiff obtained the order before service of a copy of the complaint, and consequently he was bound to show that at' that stage of the case the examination was material and necessary to enable him to frame his complaint. The object of allowing the examination to be had before the joinder of issue, is not to enable the plaintiff to ascertain whether he has a cause of action, but to enable him to elicit material facts necessary to be incorporated into the statement of the cause of action which he has.
A careful inspection of the record shows not only that the plaintiff’s affidavit, even if barely sufficient in the first instance, was very indefinite, but also that- the plaintiff had sufficient facts for framing a complaint based upon defendant’s refusal to account, and that he failed to establish any necessity for the order of examination. The case as presented by the affidavits and exhibits of the defendant called upon the court to see to it that the plaintiff should establish the good faith of his application and the *138 materiality and necessity of the examination for the purpose of framing a complaint. This the plaintiff failed to do, and consequently the order should have been vacated, and not merely _ modified as to the books.
The order appealed from should be reversed and the order of examination vacated with ten dollars costs of the appeal and disbursements to be taxed and ten dollars costs of motion.
Sedgwick, Oh. J., and O’Gorman, J., concurred.